IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SAMUEL K. KAPOI (01),<br><br>Defendant. | CR. NO. 20-00099 JAO<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

On June 30, 2022, Defendant Samuel Kapoi ("Defendant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("2255 Motion"), along with a Motion for Appointment of Counsel ("Motion").  ECF Nos. 151, 152.  The Court elects to decide the Motion without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the U.S. District for the District of Hawaii.  For the following reasons, the Court DENIES the Motion.

Defendant moves for the appointment of counsel due to his indigence and incarceration; namely, his inability to search for, contact, and retain counsel.  These circumstances, without more, do not warrant the appointment of counsel.

"[T]here is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding." *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (citation omitted); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993) ("[T]here is no constitutional right to counsel on habeas." (citations omitted)). However, the Rules Governing Section 2255 Proceedings for the United States District Courts ("Habeas Rules") mandate the appointment of counsel "for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A" in two circumstances: (1) "[i]f necessary for effective discovery" and (2) "[i]f an evidentiary hearing is warranted." Habeas Rules 6(a) and 8(c); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). The appointment of counsel for indigent defendants in 2255 proceedings is also required "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citation omitted). But absent "such circumstances, a request for counsel in proceedings under section 2255 is addressed to the sound discretion of the trial court." *Id.* (internal quotation marks and citation omitted).

District courts may appoint counsel in habeas proceedings "at any stage of the proceeding," Habeas Rule 8(c), if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits

as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt*, 718 F.2d at 954.

Here, the present circumstances do not mandate the appointment of counsel. Defendant merely argues that he is indigent and incarcerated. These circumstances are true of nearly all individuals seeking habeas relief and cannot alone support the appointment of counsel. The Court has yet to decide whether discovery or an evidentiary hearing are necessary, and the case is not sufficiently complex to require counsel. Should these circumstances change, the Court may revisit the issue.

Neither do the interests of justice compel the appointment of counsel. Although it is difficult to assess the likelihood of success given the limited allegations in the 2255 Motion, Defendant appears to be capable of articulating his claims. For these reasons, the Court DENIES WITHOUT PREJUDICE Defendant's Motion. ECF No. 152.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaiʻi, July 5, 2022.

Jill A. Otake
United States District Judge

CR NO. 20-00099 JAO, *United States v. Kapoi*; ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL